UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YUN TAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV236 HEA |
| | ) |
| MICHAEL CHERTOFF, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 6] and Plaintiff's Motion to Request FBI to Expedite Background Check, [Doc. No. 10]. For the reasons set forth below, the Motion to Dismiss is granted.

In this action, Plaintiff seeks to compel defendants to immediately adjudicate her Form I-485 application to adjust her status to that of lawful permanent resident ("LPR"). Defendants move to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### **Facts and Background**

Plaintiff's Complaint alleges that she is the beneficiary of an I-485 Application to Register Permanent Resident or Adjustment of Status, filed with the

US Citizenship and Immigration Services (USCIS) on July 21, 2003. The Complaint further alleges that the application is based on an immigrant petition filed by Plaintiff's employer and that the immigration petition was approved by the USCIS. Plaintiff contends that her I-485 application was received on July 23, 2003. According to the Complaint, Plaintiff had her first fingerprinting on June 14, 2004 and on May 10, 2004, she was requested to have a conversation with an FBI agent. A second fingerprinting was performed on June 7, 2005. A third fingerprinting was performed on March 13, 2006.

Plaintiff has inquired into the status of her application on numerous occasions. Plaintiff was repeatedly advised that her application was pending. Plaintiff seeks an Order from this Court requiring Defendants to adjudicate her application. Specifically, Plaintiff's chief complaint is that Defendants are taking too long to adjudicate her application.

Plaintiff predicates federal question jurisdiction on 28 U.S.C. § 1331, the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b) and 701 *et seq.* Defendants argue that the court lacks subject matter jurisdiction to grant mandamus because the plaintiff is not owed a clear duty and defendants' actions are discretionary. Defendants further argue that the APA, 5 U.S.C. § 551 *et seq.*, specifically precludes judicial review of matters committed to

agency discretion.

## Discussion

## Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction only authorized to adjudicate those cases which the Constitution and the laws of Congress permit. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.* A court confronted with a factual challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Defendants do not challenge the truthfulness of the allegations regarding Plaintiff's claims. Rather, they contend that the basis upon which Plaintiff brings her Complaint fails to provide the Court with subject matter jurisdiction.

Defendants, therefore facially challenge the Court's subject matter jurisdiction, thus the Court presumes the truth of Plaintiff's jurisdictional allegations.

## Motion to Dismiss for Failure to State a Claim

A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998));

*McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46. The Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c).

## **Subject Matter Jurisdiction**[1]

**Mandamus Jurisdiction**

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

---

[1] Although Plaintiff submits that 28 U.S.C. § 1331 provides the Court with subject matter jurisdiction, Section 1331, the Federal Question statute does not, as Defendants correctly argue, waive sovereign immunity for the purposes of this action, nor does it provide an independent basis for jurisdiction. "Section 1331 is familiar, of course, as the general grant of civil federal question jurisdiction to the district courts for actions arising under the Constitution, laws, or treaties of the United States." *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir.1999) (citing 28 U.S.C. § 1331). The federal question statute on its own, however, does not grant substantive rights in suits brought against the United States. *Id*. (citing *Hagemeier v. Block*, 806 F.2d 197, 202-03 (8th Cir.1986)). Therefore, a party seeking relief against the United States must base their claim on some additional authority which waives the government's sovereign immunity. *Id*.

Plaintiff also references the Declaratory Judgment Act, 28 U.S.C. § 2201. It is well settled that the Declaratory Judgment Act enlarges the range of remedies available in federal courts but does not confer jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The Declaratory Judgment Act, therefore, cannot serve as an independent basis for subject matter jurisdiction for this Court. Both 28 U.S.C. § 1331, and the Declaratory Judgment Act serve as a basis for jurisdiction, only when the complaint pleads a violation of a substantive right under a distinct federal statute, or the United States Constitution, they do not confer jurisdiction. See *Patel v. Chertoff*, 2007 WL 1223553 (E.D. Mo. Apr. 24, 2007).

plaintiff." 28 U.S.C. § 1361. "A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir.2006) (citation omitted).

The Immigration and Nationality Act, 28 U.S.C. § 1255(a) provides:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Pursuant to this statutory authority, ASCUS has promulgated regulations governing the adjudication process. See 8 C.F.R. pt. 25. Among the regulations, the USCIS normally uses the following three background checking mechanisms that must be completed before an application may be adjudicated: (1) Interagency Border Inspection System name check, (2) FBI fingerprint check, and (3) FBI name checks. Notably, none of the regulations provide a time limitation within which

ASCUS must render a decision on the application or even the amount of time within which the FBI must complete its name check or any other background check component.

Furthermore, 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of discretionary decisions:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

**(i)** any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or 1255 of this title, or

**(ii)** any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

District courts have split on whether the pace that USCIS adjudicates LPR applications is discretionary. Some courts have held that the statutory framework precludes judicial review of the pace at which USCIS adjudicates LPR applications. See *e.g.*, *Patel v. Chertoff* 2007 WL 1223553, *6 (E.D.Mo.,2007) ("In light of the Attorney General's discretion in evaluating applications for adjustment of status, Plaintiffs cannot establish the second prerequisite to mandamus relief, that

Defendants had a non-discretionary duty to act. Moreover, Congress has precluded judicial review of 'any judgment regarding the granting of relief under section ... 1255 of this title [adjustment of status], or ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is ... in [their] discretion....' 8 U.S.C. § 1252(a)(2)(B) as amended by the Real ID Act of 2005. Since decisions regarding the evaluation of an alien's application for adjustment of status are within the Attorney General's discretion, 8 U.S.C. § 1255, section 1252(a)(2)(B) prohibits this Court from entertaining Plaintiffs' requests for relief in the nature of a writ of mandamus. See 8 U.S.C. § 1252(a)(2)(B)."(citations and footnote omitted); *Grinberg v. Swacina*, --- F.Supp.2d ----, 2007 U.S. Dist. LEXIS 19684, at *1 (S.D.Fla. Mar. 20, 2007) ("Sections 242 and 245 of the Immigration and Nationality Act [8 U.S.C. §§ 1252 and 1255] ... preclude judicial review of any discretionary 'decision or action' of the Attorney General in immigration matters includ[ing] the pace at which immigration decisions are made."); *Safadi v. Howard*, 466 F.Supp.2d 696, 698-700 (E.D. Va. 2006) (Section 1255(a) vests USCIS with discretion over the entire process of adjustment application adjudication, and § 1252(a)(2)(B)(ii) precludes judicial review of any action, which includes the pace at which that action proceeds); *Zheng v. Reno*, 166 F.Supp.2d 875, 880-81 (S.D.N.Y.2001) ("Matters within the [USCIS]'s discretion

are not reviewable under the mandamus statute. Thus, courts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process.").

Other district courts have concluded that because ASCUS has a nondiscretionary duty to render a decision, courts must have jurisdiction in a mandamus suit alleging that ASCUS failed to adjudicate an application within a reasonable period of time, or else ASCUS could indefinitely delay rendering a decision. See, *e.g.*, *Razaq v. Poulos*, 2007 U.S. Dist. LEXIS 770, at *4 (N.D.Cal. Jan. 8, 2007) ("Congress had to have intended the executive branch to complete these adjudications within a reasonable time-because imposing no time constraint at all on the executive branch would be tantamount to giving the government the power to decide whether it would decide .... A 'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide."); *Paunescu v. I.N.S.*, 76 F.Supp.2d 896, 901 (N.D.Ill.1999) ( "Defendants nevertheless had a non-discretionary duty to issue a decision on plaintiffs' applications within a reasonable time."); *Yu v. Brown*, 36 F.Supp.2d 922, 932 (D.N.M.1999) ("[A]djudication must occur within a reasonable time. A contrary position would permit the [ASCUS] to delay indefinitely. Congress could not have intended to authorize potentially interminable delays .")

The Court agrees with those courts which conclude that the pace at which ASCUS adjudicates plaintiff's application is discretionary. Defendants have not refused to act, rather, they have yet to complete the process. The time within which Defendants complete the process falls squarely within the discretionary provisions of Section 1255. Because Title 8, Section 1252(a)(2)(B)(ii) specifically excludes these actions from judicial review, the court does not have jurisdiction to entertain plaintiffs' mandamus action.

**Administrative Procedures Act**

The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). When a plaintiff is entitled to judicial review, the reviewing court has the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

However, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004). The APA specifically exempts from judicial review actions "committed to agency discretion by law." 5 U.S.C. § 701(a). As discussed above, there are no governing statutes or

regulations specifying a time limit for processing an application or completing a FBI name check. The APA's general command that agencies resolve matters within a reasonable time is not sufficient to give the court jurisdiction where, as here, the challenged action is within an agency's discretion. See *Safadi*, 466 F.Supp.2d at 700; 5 U.S.C. § 701(a).

### Conclusion

Based upon the foregoing analysis, the Court concludes that it lacks subject matter jurisdiction under any statutory provision submitted by Plaintiff. Likewise, because the Court has determined that it is without jurisdiction to order Defendants to comply with Plaintiff's demands, the Court is without jurisdiction to consider Plaintiff's Motion to Order the FBI to expedite her name check.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. No. 6], is granted and this action is dismissed.

Dated this 29th day of June, 2007.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE